MORGAN, LEWIS & BOCKIUS LLP
John S. Battenfeld, Bar No. 119513
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501
john.battenfeld@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Christopher J. Banks, Bar No. 218779
Theresa Mak, Bar No. 211435
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000
Fax: +1.415.442.1001
christopher.banks@morganlewis.com
theresa.mak@morganlewis.com

Attorneys for Defendants
AMAZON.COM, INC. and AMAZON LOGISTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLEE KELLER and TOMMY GARADIS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMAZON.COM, INC.; AMAZON LOGISTICS, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.   3:17-cv-02219<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 91604755.4

DEFENDANTS' NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

# TABLE OF CONTENTS

**Page**

I. PROCEDURAL BACKGROUND ........................................................................................ 1

II. REMOVAL IS TIMELY ...................................................................................................... 2

III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA ..................................................................................................................................... 2

    A. The Putative Class Has More Than 100 Members ................................................. 3

    B. Diversity of Citizenship Exists ................................................................................ 3

    C. The Amount In Controversy Exceeds $5,000,000 .................................................. 5

        1. Evidence Demonstrating Amount in Controversy ...................................... 7

            a. Plaintiffs' Fifth Cause of Action For Waiting Time Penalties Puts $3,257,280.00 in Controversy .................................. 7

            b. Plaintiffs' Sixth Cause of Action for Failure to Properly Report Pay Puts $7,494,300.00 in Controversy .............................. 8

            c. Plaintiffs' Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold .............. 8

IV. VENUE ................................................................................................................................ 11

V. NOTICE ............................................................................................................................... 11

VI. CONCLUSION ................................................................................................................... 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

DEFENDANTS' NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Boon v. Allstate Ins. Co.*,
 229 F. Supp. 2d 1016 (C.D. Cal. 2002)...................................................................................3

*Brady v. Mercedes-Benz USA, Inc.*,
 243 F. Supp. 2d 1004 (N.D. Cal. 2002) .................................................................................10

*Dart Cherokee Basin Operating Company, LLC v. Owens*,
 135 S. Ct. 547 (2014) ..........................................................................................................5, 6

*Gallegos v. Atria Mgmt. Co., LLC*,
 2016 U.S. Dist. LEXIS 104323 (C.D. Cal. Aug. 4, 2016) ......................................................6

*Giannini v. Northwestern Mut. Life Ins. Co.*,
 2012 U.S. Dist. LEXIS 60143 (N.D. Cal. Apr. 30, 2012) ....................................................10

*Guglielmino v. McKee Foods Corp.*,
 506 F.3d 696 (9th Cir. 2007)................................................................................................10

*Hertz Corp. v. Friend*,
 559 U.S. 77, 130 S. Ct. 1181 (2010) ......................................................................................4

*Ibarra v. Manheim Invs., Inc.*,
 775 F.3d 1193 (9th Cir. 2015)................................................................................................5

*In re Quintus Sec. Litig.*,
 148 F. Supp. 2d 967 (N.D. Cal. 2001) ..................................................................................11

*Jordan v. Nationstar Mortg., LLC*,
 781 F.3d 1178 (9th Cir. 2015)................................................................................................5

*LaCross v. Knight Transportation Inc.*,
 775 F.3d 1200 (9th Cir. 2015)............................................................................................5, 6

*Lew v. Moss*,
 797 F.2d 747 (9th Cir. 1986)..................................................................................................3

*Lewis v. Verizon Communs., Inc.*,
 627 F.3d 395 (9th Cir. 2010)..................................................................................................6

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
 526 U.S. 344 (1999)...............................................................................................................2

*Oda, et al. v. Gucci Am., Inc.*,
 2015 U.S. Dist. LEXIS 1672 (C.D. Cal. Jan. 7, 2015)...........................................................5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

DEFENDANTS' NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Richardson v. Servicemaster Global Holdings Inc.*,
   No. C 12-77 CW, 2009 U.S. Dist. LEXIS 122219 (N.D. Cal. Dec. 15, 2009) ........................10

*Roa v. TS Staffing Servs, Inc.*,
   2015 U.S. Dist. LEXIS 7442 (C.D. Cal. 2015) ..................................................................6

*Sanchez v. Russell Sigler, Inc.*,
   2015 WL 12765359 (C.D. Cal. Apr. 28, 2015) .............................................................5, 11

*Sasso v. Noble Utah Long Beach, LLC*,
   No. CV 14-09154-AB AJWX, 2015 U.S. Dist. LEXIS 25921 (C.D. Cal. Mar. 3, 2015 ........................................................................................................................10

*Singer v. State Farm Mut. Auto. Ins. Co.*,
   116 F.3d 373 (9th Cir. 1997) ........................................................................................5

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*,
   602 F.3d 1087 (9th Cir. 2010) ......................................................................................3

**STATUTES**

28 U.S.C.
   § 1332 ....................................................................................................................1, 4
   § 1332(c)(1) ................................................................................................................4
   § 1332(d)(2) .........................................................................................................2, 3, 6
   § 1332(d)(2)(A) ............................................................................................................4
   § 1332(d)(5)(B) ............................................................................................................2
   § 1332(d)(6) .............................................................................................................5, 6
   § 1441 ....................................................................................................................1, 2
   § 1441(a) ....................................................................................................................11
   § 1446 ....................................................................................................................1, 2
   § 1446(b) .....................................................................................................................2
   § 1446(d) ....................................................................................................................11
   § 1453 .........................................................................................................................2

CAFA ...........................................................................................2, 3, 4, 5, 6, 8, 11

Cal. Bus. & Prof. Code § 17200 ....................................................................................2

Cal. Civ. Proc. Code § 382 ............................................................................................2

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

DEFENDANTS' NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

Cal. Lab. Code
   § 201 .......................................................................................................................................2
   § 202 .......................................................................................................................................2
   § 203 ...................................................................................................................................2, 7
   § 204 ...................................................................................................................................2, 9
   § 216 .......................................................................................................................................2
   § 224 .................................................................................................................................2, 10
   § 226 .......................................................................................................................................2
   § 226.7 ....................................................................................................................................2
   § 226.8 ..............................................................................................................................2, 10
   § 226.8(b) .............................................................................................................................10
   § 510 .......................................................................................................................................2
   § 512 .......................................................................................................................................2
   § 1174 .....................................................................................................................................2
   § 1194 .....................................................................................................................................2
   § 1197 .....................................................................................................................................2
   § 1198 .....................................................................................................................................2
   § 2753 .....................................................................................................................................2
   § 2802 .....................................................................................................................................2

Class Action Fairness Act ...........................................................................................................2

**OTHER AUTHORITIES**

Senate Judiciary Report, S. REP. 109-14 .....................................................................................5

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Los Angeles

iv

DEFENDANTS' NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

**TO THE CLERK OF THE NORTHERN DISTRICT OF CALIFORNIA AND PLAINTIFFS AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT** Defendants Amazon.com, Inc. and Amazon Logistics, Inc. ("Defendants"), by and through their counsel, remove the above-entitled action to this Court from the Superior Court of the State of California, County of San Francisco, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This removal is based on the following grounds:

## I. PROCEDURAL BACKGROUND

On March 13, 2017, Plaintiffs Kimberlee Keller and Tommy Garadis ("Plaintiffs") filed an unverified putative class action complaint for damages in the Superior Court of the State of California, County of San Francisco, entitled *Kimberlee Keller and Tommy Garadis, individually and on behalf all others similarly situated v. Amazon.com, Inc.; Amazon Logistics, Inc; and DOES 1 through 100, inclusive*, Case No. CGC-17-557507 (the "Complaint").

On March 21, 2017, Plaintiffs served copies of the Complaint and the Summons and Civil Cover Sheet on the registered agents for Defendants. A copy of Plaintiffs' Complaint and Summonses, are attached hereto as **Exhibit A**. Exhibit A constitutes all of the pleadings, process, and orders served upon Defendants in the Superior Court action.

Plaintiffs allege that Defendant Amazon.com, Inc. is the parent company of Amazon Logistics, Inc. (*See* Exh. A, ¶ 13.) Plaintiffs claim that Defendants acted in unison through "agency, partnership, joint venture, or employment." (*See* Exh. A, ¶ 16.) Plaintiffs further claim that Defendants "generated the work orders for delivery workers; controlled their wages; prescribed and enforced behavioral codes of conduct; controlled the means, manner, and method by which they performed their work; and controlled the conditions of their employment." (*See* Exh. A, ¶ 41.) Defendants dispute these allegations. Defendants deny that they employed Plaintiffs.

Plaintiffs seek to represent the following class: "All persons who performed delivery work through the Amazon Flex app in the State of California for or on behalf of one or more of the Defendants from March 9, 2013 to the present." (Exh. A, ¶ 17.)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 91604755.4

1

DEFENDANTS' NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

Plaintiffs allege the following violations in twelve causes of action against Defendants: (1) Violation of Labor Code §§ 204, 216, 1194, and 1197 for unpaid wages; (2) Violation of Labor Code §§ 204, 510, 1194, and 1198 for failure to pay overtime; (3) Violation of Labor Code §§ 204, 1194, and 1197 for failure to pay minimum wage; (4) Violation of Labor Code §§ 226.7 and 512 for failure to provide meal and rest breaks; (5) Violation of Labor Code §§ 201, 202, and 203 for waiting time penalties; (6) Violation of Labor Code §§ 226 and 1174 for failure to properly report pay; (7) Violation of Labor Code §§ 224 and 2802 for failure to reimburse necessary expenditures; (8) Violation of Labor Code § 226.8 for willful misclassification; (9) Violation of Labor Code § 2753 for advice regarding misclassification; (10) Violation of Bus. & Prof. Code § 17200 for unlawful business practices; (11) Fraud and Intentional Misrepresentation; and (12) Trespass/Conversion. (Exh. A, ¶¶ 90-153.)

## II. REMOVAL IS TIMELY

Plaintiffs served the registered agents for Defendants on March 21, 2017. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

Plaintiffs bring this action as a putative class action under Cal. Code Civ. Proc. § 382. (Exh. A, ¶ 17.) Removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs; (ii) the aggregate number of putative class members is 100 or greater; and (iii) diversity of citizenship exists between one or more Plaintiffs and one or more Defendants. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Defendants deny Plaintiffs' factual allegations and deny that Plaintiffs, or the class they purport to represent, are entitled to the relief requested; however, based on Plaintiffs' allegations in the Complaint and prayer for relief, all requirements for

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 91604755.4

2

DEFENDANTS' NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

jurisdiction under CAFA have been met.[1] Accordingly, diversity of citizenship exists under CAFA and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

### A.   The Putative Class Has More Than 100 Members.

Plaintiffs assert claims on behalf of a putative class comprised of "all persons who performed delivery work through the Amazon Flex app in the State of California for or on behalf of one or more of the Defendants from March 9, 2013 to the present. (Exh. A, ¶ 17.) Individuals crowdsourced through a smartphone-application-based program known as Amazon Flex who contract with Defendant Amazon Logistics, Inc. are Delivery Partners ("DPs"). (Declaration of Piyush Lumba ("Lumba Decl."), ¶ 3.) Based on Plaintiff's definition, the putative class contains approximately 11,262 DPs as of March 28, 2017 who have performed delivery services through the Amazon Flex mobile application in California. (Declaration of Peter Nickerson ("Nickerson Decl."), ¶¶ 3-4.)

### B.   Diversity of Citizenship Exists.

To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

"An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). According to Amazon Logistics, Inc.'s records, Plaintiffs have

---

[1] Defendants do not concede, and reserve the right to contest at the appropriate time, Plaintiffs' allegations that this action can properly proceed as a class action. Defendants do not concede that any of Plaintiffs' allegations constitute a cause of action against either of them under applicable California law.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 91604755.4

3

DEFENDANTS' NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

lived in California since at least December 2016. (Lumba Decl., ¶ 5.) In addition, Plaintiffs admit that they worked in California and are residents of California. (Exh. A, ¶¶ 11-12.) The Complaint does not allege any alternate state citizenship. Therefore, both Plaintiffs are citizens of California for diversity jurisdiction purposes. Moreover, Plaintiffs have brought claims on behalf of putative class members residing in California. Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities…[I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

DPs enter into an "Independent Contractor Terms of Service" agreement with Defendant Amazon Logistics, Inc., which is incorporated under the laws of Delaware and has its headquarters in Seattle, Washington. (Exh. A, ¶ 14; Lumba Decl., ¶ 3.) Similarly, Amazon.com, Inc. is incorporated under the law of Delaware and has its headquarters in Seattle, Washington. Also, the Complaint alleges that Amazon.com and Amazon Logistics, Inc. are Delaware corporations with their principal place of business located in Seattle, Washington. (Exh. A, ¶¶ 13-14.) Accordingly, Amazon.com, Inc. and Amazon Logistics, Inc. are citizens of Washington and Delaware for the purpose of determining diversity. 28 U.S.C. § 1332(c)(1).

Therefore, based on the Complaint, at least one member of the putative plaintiff class is a citizen of a state different than at least one defendant. As a result, diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 91604755.4

4

DEFENDANTS' NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

### C. The Amount In Controversy Exceeds $5,000,000.

Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

Defendants' burden to establish the amount in controversy is by a preponderance of the evidence. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014). *See also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* for the proposition that there is no anti-removal presumption against CAFA cases). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda, et al. v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal. April 28, 2015) ("[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages.") (citation omitted). *See also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, Defendants "are not stipulating to damages suffered, but only estimating the damages in controversy."). The ultimate inquiry is what amount is put "in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 91604755.4

5

DEFENDANTS' NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

controversy" by the plaintiffs' complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (internal citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy.").

Under *Dart Cherokee*, a removing defendant is not required to submit evidence in support of its removal allegations. *Roa v. TS Staffing Servs, Inc.*, 2015 U.S. Dist. LEXIS 7442, at *4-5 (C.D. Cal. 2015). However, as detailed below, Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $5 million and that the Court has jurisdiction pursuant to CAFA. *See, e.g.*, *Gallegos v. Atria Mgmt. Co., LLC*, 2016 U.S. Dist. LEXIS 104323, at *4-5 (C.D. Cal. Aug. 4, 2016) (denying remand and holding calculations for the purposes of CAFA removal to be grounded in "reasonable assumptions" where the defendant's Director of Payroll multiplied the number of employees by workweeks and average rates of pay to calculate meal period and rest break claims). As discussed below, when the claims of the putative class members in the present case are aggregated, their claims put into controversy over $5 million in potential damages. 28 U.S.C. § 1332(d)(2).

Although Defendants deny Plaintiffs' factual allegations and deny that they or the class they seek to represent are entitled to the relief for which they have prayed, Plaintiffs' allegations and prayer for relief have "more likely than not" put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[2]

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiffs' Complaint. Defendants' references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Amazon maintains that each of Plaintiffs' claims is without merit and that Defendants are not liable to Plaintiffs or any putative class member. Defendants expressly deny that Plaintiffs or any putative class member is entitled to recover any of the penalties they seek in the Complaint. In addition, Defendants deny that liability or damages can be established on a class-wide basis. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 91604755.4

6

DEFENDANTS' NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

### 1. **Evidence Demonstrating Amount in Controversy.**

Plaintiffs seek to represent a class of "[a]ll persons who performed delivery work through the Amazon Flex app in the State of California . . . from March 9, 2013 to the present." (Exh. A, ¶ 17.) The first delivery by a DP in California through the Amazon Flex app program occurred on October 2, 2016. (Lumba Decl., ¶4) Accordingly, the relevant class period begins October 2, 2016 (the "class period"). Based on Plaintiffs' class definition, available data was reviewed for 11,262 DPs, including Plaintiffs, who provided delivery services in California through the Amazon Flex app through March 28, 2017. (Nickerson Decl., ¶¶ 3-4.)

According to the data available, the 11,262 putative class members performed delivery services during approximately 80,574 total workweeks from October 2, 2016 to March 28, 2017. (*Id.*) In addition, 754 members of the putative class stopped participating in the Flex Program as of February 11, 2017. (*Id.* at ¶ 5.)

### a. **Plaintiffs' Fifth Cause of Action For Waiting Time Penalties Puts $3,257,280.00 in Controversy.**

Plaintiffs claim that "members of the Class have been discharged, laid off, resigned, retired, or otherwise voluntarily left employment, but Defendants did not pay earned wages upon separation of employment." (Exh. A, ¶ 110.) Plaintiffs allege that putative class members were promised a guaranteed wage rate of no less than $18 per hour and "frequently worked over 8 hours per day…." (*Id.*, ¶ 79.) Plaintiffs allege that putative class members "whose employment ended" prior to the date the Complaint was filed "are entitled to recover from Defendants an additional sum as a penalty, pursuant to Labor Code § 203, equal to thirty (30) days wages per person plus interest for each employee…." (*Id.*, ¶ 111.) According to Defendants' records, 754 members of the putative class stopped participating in the Flex Program as of February 11, 2017, 30 days prior to the filing of Plaintiffs' Complaint. (Nickerson Decl., ¶ 5.)

Accordingly, Plaintiffs' Fifth Cause of Action puts at least $3,257,280.00 in controversy (754 putative class members x 8 hours per work day x 18 per hour x 30 days = $3,257,280.00).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 91604755.4

7

DEFENDANTS' NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

### b. Plaintiffs' Sixth Cause of Action for Failure to Properly Report Pay Puts $7,494,300.00 in Controversy.

Plaintiffs allege that putative class members received a "partial wage statement" that did not show their hours worked or hourly pay rate. (Exh. A, ¶¶ 64-65.) Plaintiffs allege that "Defendants failed to provide Plaintiffs with accurate records of pay indicating the wages paid for the hours worked." (Exh. A, ¶ 114.) Plaintiffs also allege that the "wage statements also failed to include Plaintiffs' names, the last four digits of their social security numbers or employee identification number, and Amazon's name and address." (*Id.*) Thus, Plaintiffs' theory is that during any week a putative class member was paid by Defendants, a wage statement violation occurred.

A wage statement claim has a one-year statute of limitations. As Defendants did not launch the Amazon Flex app program in California until October 2, 2016, all members of the putative class are included in Plaintiffs' claim for wage statement penalties. Since October 2, 2016, putative class members were paid by Amazon Logistics, Inc. during a total of 80,574 weeks. (Nickerson Decl., ¶ 4.) Therefore, under Plaintiffs' theory, Plaintiffs' claim for wage statement penalties places $7,497,300.00 in controversy (11,262 putative class members x $50 penalty for initial alleged wage statement violation + (69,312 remaining weeks paid x $100 penalty for subsequent alleged wage statement violations) = $7,494,300.00).

### c. Plaintiffs' Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold.

Aggregating the foregoing figures, Plaintiffs' alleged amount in controversy is at least $10,751,580.00 ($3,257,280.00 + $7,494,300.00 = $10,751,580.00). Defendants have demonstrated this amount by a preponderance of the evidence, as presented with this Notice of Removal. However, in addition to the foregoing amounts, Plaintiffs' other causes of action place additional amounts in controversy, thus further exceeding the CAFA threshold.

First, Plaintiffs' First, Second, Third, Fourth, Seventh, Eighth and Ninth Causes of Action place additional amounts in controversy. Plaintiffs' First Cause of Action for Unpaid Wages alleges that Defendants denied Plaintiffs "any wages due for non-productive work and work in

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 91604755.4

8

DEFENDANTS' NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

excess of 40 hours per week and/or 8 hours per day . . . even though each Defendants [*sic*] knew that under any set of circumstances or facts, Plaintiffs were entitled to be paid for each hour that they worked." (Exh. A, ¶ 92.)

Plaintiffs' Second Cause of Action for Unpaid Overtime alleges that putative class members "have been and are expected to work in excess of 8 hours per day or 40 hours per week." (Exh. A, ¶ 95.) Plaintiffs assert that "[d]elivery workers were required to make themselves available to perform work within a predetermined range of time each day but were not compensated at all for tasks performed before or after those hours. Deliveries were regularly performed after the end of delivery workers' scheduled shifts." (Exh. A, ¶ 78.) Plaintiffs claim that "[d]espite these long hours, the workers were not compensated at the required overtime rates" since they were paid on "a commission basis without regard to the hours worked." (Exh. A, ¶ 79.) Plaintiffs seek "the unpaid balance of the amount overtime and other compensation …." (Exh. A, ¶ 97.)

Plaintiffs' Third Cause of Action for Failure to Pay Minimum Wages alleges that Defendants "failed to compensate Plaintiffs at a rate not less than the minimum wage for all hours worked in violation of the Labor Code, including sections 204, 1194, and 1197." Plaintiffs seek "the unpaid balance of the amount of minimum wage…." (Exh. A, ¶ 100.)

Plaintiffs' Fourth Cause of Action for Failure to Provide Meal and Rest Periods alleges that "Defendants have required and continue to require Plaintiffs to work for periods of more than 5 hours per day with no provision of a meal period of at least 30 minutes." (Exh. A, ¶ 102.) Plaintiffs claim that "Defendants have required and continue to require Plaintiffs to work for periods of more than 10 hours per day with no provision of a second meal period of at least 30 minutes." (Exh. A, ¶ 103.) Plaintiffs also allege that "Defendants have required and continue to require Plaintiffs to work for periods of more than 4 hours per day with no provision of a rest period of at least 10 minutes. (Exh. A, ¶ 104.) Plaintiffs seek "an additional hour of pay for every day that Plaintiffs were not provided meal or rest breaks…." (Exh. A, ¶ 106.)

Also, Plaintiffs' Seventh Cause of Action alleges that "throughout their employment, Plaintiffs incurred expenditures or losses related to their employment and in direct consequence

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 91604755.4

9

DEFENDANTS' NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

of the discharge of their duties as Defendants' employees" in violation of Labor Code sections 224 and 2802.  (Exh. A, ¶ 118.)  Plaintiffs allege that "Defendants failed to reimburse or indemnify Plaintiffs for these expenditures or losses.  Items and services that Plaintiffs were required to purchase include, but are not limited to gas, insurance, other vehicle maintenance services, parking privileges, mobile devices, and mobile device data packages."  (Exh. A, ¶ 119.)  Plaintiff seek "reimbursement of the incurred expenses…."  (Exh. A, ¶ 121.)

Plaintiffs' Eighth Cause of Action for Violation of Labor Code sections 226.8 seeks penalties for violation of Labor Code section 226.8 for alleged willful misclassification of Plaintiffs as independent contractors.  (Exh. A, ¶¶ 122-125.)  Labor Code section 226.8(b) provides for "a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law."

Further, Plaintiffs seek punitive damages.  (Exh. A, Prayer for Relief ¶ H.)  Lastly, Plaintiffs seek recovery of attorneys' fees.  (Exh. A, Prayer for Relief ¶ G.)  Attorneys' fees are properly included in determining the amount in controversy.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002).  *See also Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 U.S. Dist. LEXIS 25921, at *5-6 (C.D. Cal. Mar. 3, 2015) ("The Court believes that, when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.'") (citations omitted); *Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 U.S. Dist. LEXIS 60143, at *4 (N.D. Cal. Apr. 30, 2012) (citing to *Brady* while holding that a reasonable estimate of future attorneys' fees can be used in calculating the amount in controversy); *Richardson v. Servicemaster Global Holdings Inc.*, No. C 12-77 CW, 2009 U.S. Dist. LEXIS 122219, at *4 (N.D. Cal. Dec. 15, 2009) (citing *Brady* favorably to require a showing of attorneys' fees likely to be incurred to determine the amount in controversy).

Defendants deny Plaintiffs' claim for attorneys' fees.  However, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

DB1/ 91604755.4

10

DEFENDANTS' NOTICE OF REMOVAL
[28 U.S.C. §§ 1332, 1441, 1446]

1  amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001)
2  (benchmark for attorneys' fees is 25% of the common fund).  Courts therefore include a potential
3  25% fee award in the CAFA amount in controversy.  *See*, *e.g.*, *Sanchez*, 2015 WL 12765359, at
4  *7.  Even though Defendants have already demonstrated by a preponderance of the evidence that
5  the amount in controversy exceeds $5,000,000, Defendants note that the inclusion of attorneys'
6  fees would add at least another $2,687,895.00 to the amount in controversy (25% of
7  $10,751,580.00), bringing the total amount in controversy to at least $13,439,475.00.

## IV.  VENUE

This action was originally filed in the Superior Court for the City and County of San Francisco.  Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V.  NOTICE

Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI.  CONCLUSION

Based on the foregoing, Defendants request that this action be removed to this Court.  If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this case is subject to removal.

Dated: April 20, 2017                                  MORGAN, LEWIS & BOCKIUS LLP

By  */s/Theresa Mak*
John S. Battenfeld
Christopher J. Banks
Theresa Mak
Attorneys for Defendants
AMAZON.COM, INC. and AMAZON LOGISTICS, INC.